# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY LEE SANDERS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3645 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging his disciplinary conviction. Respondent filed a motion for summary judgment (Docket Entry No. 9), to which petitioner filed a response (Docket Entry No. 15).[1]

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Procedural Background and Claims*

Petitioner was charged with a prison disciplinary infraction for failing to obey an order under disciplinary case number 20110041056. Following a disciplinary hearing, petitioner was found guilty of the offense as charged and punished with loss of recreation and commissary privileges, cell restrictions, and forfeiture of twenty days good time credit. His

---

[1]Petitioner's pleading is styled as a motion for summary judgment and reply brief. The Court has construed it as his response to the motion for summary judgment.

disciplinary appeals were denied.  Petitioner asserts that he is eligible for mandatory supervision.

Petitioner raises the following habeas challenges to the disciplinary conviction:

(1)     The disciplinary report was falsified.

(2)     Petitioner was charged with disobeying an invalid rule.

(3)     The disciplinary case was inadequately investigated.

(4)     Petitioner's work assignment violated his medical restrictions.

(5)     Petitioner was denied his right to confront his accuser.

Respondent argues that these habeas grounds lack merit, fail to state a cognizable habeas claim, or are procedurally barred from consideration due to failure to exhaust.

### *Legal Standards*

**A.     *Summary Judgment***

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

2

The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

**B.**     ***Due Process in Prison Disciplinary Proceedings***

As a result of the disciplinary conviction in the instant case, petitioner lost twenty days of previously earned good conduct time.  When a state creates a right to time credit for good conduct, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated."  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Because respondent does not dispute that petitioner is eligible for mandatory supervision, petitioner had a protected liberty interest in the previously earned good time credits. *See Teague v. Quarterman*, 482 F.3d 769, 775–76 (5th Cir. 2007).  Therefore, the forfeiture of those credits must comply with the minimum amount of procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985).

In *Wolff*, the Supreme Court considered the minimum level of due process required in the prison disciplinary context.  In doing so, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated

for doing so." 418 U.S. at 561.  Because prison disciplinary hearings are not part of a criminal prosecution, the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id*. at 556. The minimum procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action.  *Id*. at 563–67.

### C.     *Exhaustion*

A state inmate must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights.  28 U.S.C. § 2254(b), (c).  The Fifth Circuit has long held that inmates seeking relief from prison disciplinary convictions must exhaust their available administrative remedies before pursuing federal habeas relief.  *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002).

### *Analysis*

In bringing the instant habeas lawsuit, petitioner does not assert the denial of any procedural due process rights afforded him under *Wolff*.  He instead argues that his disciplinary conviction must be set aside for the following five reasons.

A.    *The disciplinary report was falsified*

Petitioner was charged with the following prison disciplinary infraction: "On the date and time listed above and at main kitchen[], [petitioner] was ordered by [officer] to sign the hot water training forms and said offender failed to obey the order."  (Docket Entry No. 10, p. 4.)  The disciplinary hearing form references petitioner's response as, "[The officer] asked me if I signed this paper [and] I told her no.  She told me to sign it but did not tell me where to sign it."  *Id.*  In the disciplinary offense report, the officer stated that she had conducted the hot water training for the night shift and, having completed the training, told the inmate trainees to sign the forms.  She reported that petitioner refused to sign.  *Id.*, p.  5.  The investigation report reflected petitioner's response to the officer's statement as, "I ain't signing it.  She did not tell me what I was signing."  *Id.*, p. 6.  The report noted that, "This is required training and offender must sign documentation that he has been trained before he can work."  *Id.*  On the service investigation work sheet, petitioner was quoted as saying, "She never gave me instruction."  *Id.*, p. 9.  Thus, the record shows that petitioner refused to sign the training verification sheet as instructed, and that he gave inconsistent reasons for his refusal.

The apparent basis for petitioner's assertion of falsification under this claim is his disagreement with the officer's charges, statements, and report.  Petitioner's disagreements do not constitute a violation of the procedural due process protections afforded him by *Wolff*.  Moreover, petitioner's allegations of falsification are conclusory and supported neither by

the record nor probative summary judgment evidence.  *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (holding that, absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value). Petitioner's conclusory allegations are insufficient to raise a genuine issue of material fact precluding summary judgment, and respondent is entitled to summary judgment dismissal of this claim.

### B.    *Petitioner was charged with disobeying a "self-made" rule*

Petitioner claims in his petition that his due process rights were violated because prison officials did not properly follow prison procedures when requiring him to sign the training form.  This assertion, however, fails to state a cognizable habeas claim.  Federal habeas review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or, in this case, prison procedure. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).  Thus, to the extent petitioner argues that prison officials did not follow their own policies and procedures, he establishes no valid basis for federal habeas review and asserts no basis for setting aside the disciplinary conviction.

Petitioner fares no better under his assertions that the officer's order to sign the training form was a "self-made rule" outside established prison policy.  Petitioner claims that the officer had no authority or right to order him to sign the training form.  However, the

6

disciplinary record evinces the prison officer's statement that, "This is required training and offender must sign documentation that he has been trained before he can work." (Docket Entry No. 10, p. 6.) Petitioner presents no probative summary judgment evidence that this statement was false or that a refusal to sign the training sheet did not constitute a violation of prison rules and regulations regarding the training of inmates in their assigned work duties. Petitioner's conclusory allegations are insufficient to raise a genuine issue of material fact precluding summary judgment, and respondent is entitled to summary judgment dismissal of this claim.

### C.   *The disciplinary case was inadequately investigated*

In similar fashion, petitioner claims that prison officials denied him due process by failing to follow established prison rules and regulations for the investigation of disciplinary charges and the assignment of work duties. Again, it is well settled that the failure of prison officials to adhere to prison rules and regulations does not, standing alone, establish a constitutional violation. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Any failure by prison officials to follow prison administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met. *Myers*, 97 F.3d 91 at 94.

Petitioner's allegations under this claim are conclusory in that he asserts little more than his personal opinion that prison officials did not adequately investigate his disciplinary charge. He argues that, had officials investigated adequately, they would have discovered

that his work assignment in the kitchen violated his work restrictions that he never should have been required to undergo hot water training. This latter claim, as shown below, presents neither a cognizable habeas claim nor grounds for this Court to set aside the disciplinary conviction.

Petitioner fails to establish a due process violation requiring the reversal of his disciplinary conviction, and respondent is entitled to summary judgment dismissal of this claim.

### D.  *Petitioner's work assignment violated his medical restrictions*

Petitioner complains that prison officials denied him due process by assigning him to kitchen work that was inappropriate for his medical conditions and restrictions. This claim challenges petitioner's conditions of confinement and constitutes a civil rights claim under section 1983, not a federal habeas claim. *See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Therefore, while petitioner's allegations that his work assignment violated his due process rights may be asserted in a civil rights action, they fail to present viable habeas claims in this habeas proceeding. *Id*. Petitioner's allegation of an inappropriate work assignment is of no moment to the validity of his disciplinary conviction for refusing to sign the training verification form.

Consequently, this claim fails to raise a cognizable federal habeas claim and must be dismissed.

8

**E.**     *Petitioner was denied his right to confront his accuser*

Under this claim, petitioner asserts the denial of a due process right to confront his accuser at the disciplinary hearing.  Respondent argues that petitioner failed to exhaust this claim in his step one and step two disciplinary appeals.

To satisfy the exhaustion requirement in the context of a prison disciplinary conviction, a petitioner must pursue the prison's administrative grievance procedures.  It is undisputed that the Texas Department of Criminal Justice currently utilizes a two-step grievance procedure for inmates, and an inmate must present his claims in both steps in order to exhaust.  *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  Additionally, to satisfy the exhaustion requirement, an inmate must present his claims in a procedurally correct manner according to the rules of the administrative body.  *Castile v. Peoples*, 489 U.S. 346, 351 (1989).  The record in the instant case shows that, although petitioner asserted a right of confrontation violation in his step one grievance appealing the disciplinary conviction, he did not pursue this claim in his step two grievance.  *See, e.g., Turner v. Thaler*, No. H–09–3562, 2010 WL 5188155, at *4 (S.D. Tex. Dec.14, 2010) (unpublished) (finding procedural default where prisoner failed to present each ground for relief in both grievance steps).  Accordingly, the claim is unexhausted.

Petitioner's unexhausted claim is procedurally barred at this juncture, because the time for appealing the disciplinary conviction through the grievance process has long expired.  Furthermore, no basis for excusing exhaustion or any exception to procedural default are

apparent from the record.  Accordingly, petitioner's claim regarding the denial of his right to confront his accuser at the hearing must be dismissed as unexhausted and procedurally defaulted.[2]

To any extent petitioner is challenging the sufficiency of the evidence to support the disciplinary conviction, the claim is without merit.  Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited, and due process requires only "some evidence" to support the conviction.  *Hill*, 472 U.S. at 457.  The Supreme Court has determined that ascertaining sufficiency of the evidence does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.* at 455. Determining the credibility of the testimonies presented at the hearing is left to the discretion of the disciplinary hearing officer.  *Hudson v. Johnson*, 242 F.3d 534, 536–537 (5th Cir. 2001).

The information provided in a written incident report standing alone can satisfy the "some evidence" standard for purposes of procedural due process.  *Id*. at 537.  Prison

---

[2]Even assuming this claim were exhausted, it has no merit.  The Supreme Court has recognized that prisoners do not have a due process right to confrontation during prison disciplinary proceedings.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

disciplinary convictions are to be overturned only where no evidence in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

Here, the disciplinary hearing record and the audio recording of the disciplinary hearing indicate that petitioner had been told to sign the training verification form, and that he refused.  The record further reflects that petitioner gave different reasons at different times for his refusal or failure to sign.  The hearing record further shows that the disciplinary hearing officer allowed petitioner to give statements but found him guilty from evidence in the offense report and from testimony presented during the hearing.

Based on this record, the Court finds that petitioner's rights set forth in *Wolff* and *Hill* have not been abridged and that there was some evidence in the record to support the hearing officer's decision in this case.  Accordingly, petitioner's challenge to the sufficiency of the evidence is DISMISSED WITH PREJUDICE.

### *Miscellaneous Motions*

Petitioner's pending motion for an extension of time to correct certain undisclosed alleged deficiencies in his response to the motion for summary judgment (Docket Entry No. 18) is DENIED AS MOOT, as petitioner's motion fails to identify either the alleged deficiencies or any proposed corrections.  Petitioner's motion for reconsideration of the denial of his motion for summary judgment (Docket Entry No. 17) is DENIED.

11

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 9) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE.  A certificate of appealability is DENIED.  Any and all other pending motions are DENIED AS MOOT.

Signed at Houston, Texas on March 30, 2012.

Gray H. Miller
United States District Judge